Case 12-01060-TPA    Doc 51    Filed 08/01/13    Entered 08/01/13 15:55:30    Desc Main
                              Document      Page 1 of 12

FILED
2013 AUG 1 P 1:46
CLERK
U.S. BANKRUPTCY
COURT - ERIE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| MARSHALL W. SANDMAN, | : | Case No. 12-10339-TPA |
| *Debtor* | : | |
| | : | Chapter 7 |
| JOHN C. MELARAGNO, | : | |
| *Plaintiff* | : | Adv. No. 12-1060 |
| | : | |
| v. | : | Related to Doc. No. 35 |
| | : | |
| CITIMORTGAGE, INC. | : | |
| *Defendant* | : | |

Appearances:  John C. Melaragno, Trustee., for the Plaintiff
              James A. Prostko, Esq., for the Defendant

## MEMORANDUM OPINION

Presently before the Court for consideration is the ***Motion for Summary Judgment*** ("Motion") at Doc. No. 35., filed by the Plaintiff, John Melaragno, the appointed Chapter 7 Trustee ("Trustee") in this preferential transfer action brought pursuant to *11 U.S.C. §547(b)*. The Trustee and the Defendant, CitiMortgage, Inc. ("CitiMortgage") are in agreement that there are no material factual issues in dispute, and that resolution of the case presents a strictly legal issue for which disposition by summary judgment is appropriate. The Parties have also agreed that CitiMortgage shall be deemed to have filed a cross motion for summary judgment. For the reasons explained below, the Court will enter summary judgment in favor of CitiMortgage.[1]

---

[1] The Court's jurisdiction under *28 U.S.C. §1334* has not been placed in issue. This is a core proceeding under *28 U.S.C. §157(b)(2)(F)*. Neither Party has raised any issue under the decision of *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011) as to the Court's power to hear and finally decide this matter.

The Debtor in this Case, Marshall Sandman, is the owner of and resides at 3524 W. 42nd St., Erie, Pa. ("the Property"). The Debtor and his then-wife (they subsequently divorced) originally purchased the Property on April 25, 2001. On May 15, 2004, the Debtor refinanced the Property and at that time he individually executed a mortgage of the Property in favor of Cendant Mortgage Corporation ("Cendant") in the amount of $102,000. For an unknown reason, the mortgage was not recorded at that time. Cendant subsequently assigned the mortgage to CitiMortgage.[2]

In 2011 CitiMortgage discovered that the mortgage had not been recorded. On March 9, 2011, CitiMortgage initiated a quiet title action against the Debtor in the Erie County Court of Common Pleas at Case Number 2011-10906 by filing a praecipe for a writ of summons. On that same date CitiMortgage also filed a lis pendens in the quiet title action identifying the Property as the subject of the action. On May 18, 2011, CitiMortgage filed its complaint in the quiet title action. On January 3, 2012 judgment was entered in favor of CitiMortgage in the quiet title action, thereby authorizing CitiMortgage to record the 2004 mortgage. On January 19, 2012, CitiMortgage actually caused a copy of the mortgage to be recorded. On March 6, 2012, the Debtor filed the within bankruptcy case under Chapter 7 of the Bankruptcy Code.

The present adversary case was filed by the Trustee on May 18, 2012. The Trustee argues that the entry of judgment in the quiet title action on January 3, 2012, and the subsequent

---

[2] During the course of this proceeding, the Trustee has given indications that he may have questions as to the validity of the 2004 mortgage because it was not signed by the Debtor's wife and as to the status of CitiMortgage as the lawful assignee of Cendant. Those issues were not involved in the Court's decision on the *Motion*, and the Court expresses no opinion on them here.

recording of the mortgage on January 19, 2012, constitute preferential transfers that were made within 90 days prior to the filing of the bankruptcy, while the Debtor was insolvent. The Trustee takes the position that the judgment and mortgage recordation meet all other requirements to be avoided as preferences pursuant to *11 U.S.C. §547(b)*.[3]

CitiMortgage does not really address the Trustee's characterization of the judgment and the mortgage recordation as preferential transfers. Instead, the focus of CitiMortgage's argument is that, even if the Trustee were successful in avoiding those two events, that would amount to nothing but a "Pyhrric Victory" because it would not change the fact that the lis pendens was filed before the preference period, and therefore, that filing suffices to give CitiMortgage an interest in the Property that is superior to the Trustee's.

The Trustee's response to the position of CitiMortgage is to argue that, once the judgment entered on January 3, 2012, became final (which the Trustee pegs at February 2, 2012), it had the effect of automatically extinguishing the lis pendens as a matter of law. The Trustee goes on to argue that the lis pendens, once extinguished, would not "rise from the ashes" if the judgment were avoided as a preference. Thus, according to the Trustee, upon an avoidance of the judgment

---

[3] It should be noted that the prayer for relief in the Complaint only requests entry of :

> ... an Order determining that the recording of the mortgage during the ninety (90) days prior to the Bankruptcy filing constitutes a preferential transfer and is therefore voidable pursuant to §547(b) of the Bankruptcy Code.

*Complaint* at prayer for relief, Doc. No. 1. The plain language of the *Complaint*, therefore, does not include a request to have the January 3, 2012 judgment avoided. Despite that, both sides in the case have proceeded as if avoidance of that judgment is a possibility in the case, so the Court will treat it as having been made part of the case by consent of the parties. *See, e.g. Fed.R.Bankr.P. 7015*, incorporating *Fed.R.Civ.P. 15(b)(2)*.

and the mortgage as preferential transfers, any recognizable claim on the property by CitiMortgage would be gone, leaving the title clear and the Trustee in a superior position. With the Parties' basic positions set forth, the Court may now turn to a legal discussion of the issues.

## DISCUSSION

For purposes of resolving a summary judgment motion, *Fed.R.Civ.P. 56* is made applicable to adversary proceedings through *Fed.R.Bankr.P. 7056*. Summary judgment is appropriate if the pleadings, depositions, supporting affidavits, answers to interrogatories and admissions that are part of the record demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Bankr.P. 56(c), Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary judgment is appropriate if no material factual issue exists and the only issue before the Court is a legal issue. *Earth Data Int'l. Of N.C., L.L.C. v. STV, Inc.*, 159 F. Supp.2d 844 (E.D. Pa. 2001); *In re Air Nail Co., Inc.*, 329 B.R. 512 (Bankr. W.D. Pa. 2005). The test under *Fed.R.Civ.P.* 56 is "whether the moving party is entitled to judgment as a matter of law." *Med. Protective Co. v. Watkins,* 198 F.3d 100, 103 (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). The Court agrees with the Parties that there are no material factual issues in dispute.

An appropriate analysis of the issues in the case must begin with the undisputed fact that at least the initial step toward a "transfer" of an interest in the Property in this case took place on May 15, 2004 when the Debtor signed a mortgage of the Property to the predecessor in interest of CitiMortgage. However, since the mortgage was not perfected by being recorded within 30 days

of the Debtor signing it, the "transfer" represented by the mortgage cannot be deemed to have been "made" on May 15, 2004. *See, 11 U.S.C. §547(e)(2)(A)*. Instead, the transfer represented by the mortgage can only be deemed to have been made at the time such transfer was perfected. *See*, *§547(e)(2)(B)* ("... a transfer is made ... at the time such transfer is perfected, if such transfer is perfected after ... 30 days [from the date it takes effect between the transferror and the transferee]"). *11 U.S.C. §547(e)(2)(B)*. The Court must therefore determine when the mortgage was perfected, and that will in turn determine the date the transfer at issue was made.

The answer to that question is provided by another subsection of *Section 547*, this one providing:

> (e)(1) For the purposes of this section--
>
> (A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee;

*11 U.S.C. §547(e)(1)(A)*. A number of cases have construed the meaning of this provision in the context of the filing of a lis pendens.

One such case from this District is *In re Pitchford*, 410 B.R. 416 (Bankr. W.D. Pa. 2009), a decision by the late Judge Bruce McCullough. In *Pitchford*, a guardian ("Smithfield") of an incompetent's estate started an Orphan's Court action against the debtor on July 27, 2007 seeking to rescind gifts of approximately $237,000 which the incompetent had made to the debtor, and to

5

impose a constructive trust on the debtor's residence. On August 15, 2007, the action was indexed as a lis pendens against the debtor's residence. On November 10, 2008, the Orphan's Court entered an order directing the debtor to repay the gift to the incompetent's estate. This order did not, however, address Smithfield's request for the imposition of a constructive trust on the debtor's residence. Smithfield filed an exception to this order, seeking to have a constructive trust included, but before argument on the exception was held, the debtor filed for bankruptcy on December 9, 2008. Smithfield moved for relief from stay so he could pursue the Orphan's Court action and obtain a constructive trust. The debtor argued that imposition of a constructive trust would constitute a preferential transfer for purposes of *Section 547*.

Judge McCullough found that imposition of a constructive trust would not be a "transfer" for purposes of *Section 547*, but that even if it was, it would not be a preferential transfer because it would relate back to the date that the lis pendens had been indexed. He stated:

> The Court holds, moreover, that, even if the imposition by the Orphans Court of a constructive trust upon the Debtor's Residence were to constitute a "transfer" within the meaning of §547(b), and were to constitute, as well, a "transfer of an interest of the [D]ebtor in [such] property" for purposes of §547(b), such imposition of such constructive trust would still not constitute a preferential transfer under §547. The Court so holds ultimately because of the lis pendens that Smithfield obtained on August 15, 2007. More particularly, if such imposition of such constructive trust were to constitute such a transfer, such transfer would, pursuant to 11 U.S.C. §547(e)(1)(A), have been perfected by Smithfield as of August 15, 2007, when such lis pendens was obtained because, by virtue of such lis pendens, a bona fide purchaser could not thereafter have obtained an interest in the Debtor's Residence superior to Smithfield's constructive trust in the same ....

410 B.R. at 421. *See also, In re Aultman*, 223 B.R. 481 (Bankr. W.D. Pa. 1998), and *In re Turetsky*,

6

402 B.R. 663 (Bankr. W.D. Pa. 2009) for earlier decisions by Judge McCullough also treating the filing of a lis pendens as a perfection of a transfer of a property interest.

The Court agrees with the conclusion in *Pitchford* that the filing of a lis pendens constitutes a perfection for purposes of *Section 547 (e)(1)(A)*. Under Pennsylvania law:

> The effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action.

*Kohl v. PNC Bank Nat. Ass'n*, 912 A.2d 237, 242 (Pa. 2006) (quoting *Dice v. Bender*, 11 A.2d 725 (Pa. 1955)). It is this notice function that "trumps" the Trustee's status as a bona fide purchaser and enables a lis pendens to function as perfection of a transfer pursuant to *Section 547(e)(1)(A)*. The fact that a lis pendens does not actually create a lien does not require a contrary result, because the concept of a "transfer" under the *Bankruptcy Code* is extremely broad and does not require the creation of a lien. *See, 11 U.S.C. §101(54)* (definition of "transfer").

The view adopted in *Pitchford, Aultman,* and *Turetsky* is by no means unique; there are a number of cases from other jurisdictions reaching a similar conclusion. *See, e.g., In re Lane*, 980 F.2d 601 (9th Cir. 1992) ( filing of a valid lis pendens was a transfer within the meaning of the *Bankruptcy Code*, and thus judgment creditor's interest in property related back to filing of the lis pendens, which predated preference period); *In re Gruseck & Son, Inc.*, 385 B.R. 2008 (6th Cir. BAP 2008) (although mortgage was signed in 2002, due to defective acknowledgment, the transfer was not deemed to have occurred for preference purposes until November 22, 2005 when the mortgagee

filed a lis pendens in connection with a foreclosure action); *In re Whitehead*, 399 B.R. 570 (Bankr. S.D. Fla. 2009) (although creditor did not obtain a lien on property by filing a lis pendens outside the preference period, he acquired an interest superior to that of a hypothetical future bona fide purchaser, such as the bankruptcy trustee); *In re Medlin*, 229 B.R. 353 (Bankr. E.D.N.C. 1998) (judgment entered during the 90 day preference period was not preferential because it related back to the date of filing of the lis pendens, nearly 11 months before bankruptcy case was filed).

Applying this principle in the present case, the Court finds that, pursuant to *Sections 547(e)(2)(B) and 547(e)(1)(A)*, the "transfer" of which the Trustee complains actually took place on May 18, 2011 when CitiMortgage filed the lis pendens against the Debtor, thereby perfecting the 2004 mortgage for purposes of *Section 547*. This was almost a year prior to the filing of the bankruptcy case, and thus well outside the 90-day non-insider preference period of *Section 547(b)*. The fact that the entry of judgment in the quiet title action and the recordation of the mortgage did not take place until later, during the preference period, is of no moment since, for purposes of a preference action, they merely represent formal confirmation of the existence of the transferred interest and are deemed to relate back to the date of the lis pendens.

In the alternative, even if the Court were not to apply the relation back principle here, it would still find in favor of CitiMortgage because, assuming the judgment and recorded mortgage were avoided as preferential transfers, the Trustee would still be faced with the existence of the lis pendens, which, as previously discussed, trumps his interest. The Trustee disputes that conclusion, arguing that once the January 3, 2012 judgment became final, the lis pendens automatically became extinguished and would not be revived if the judgment were avoided.

The only authority cited by the Trustee in support of that proposition is the following:

> A lis pendens is the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and ***until its final judgment thereon*** ... The existence of a lis pendens merely notifies third parties that any interest that may be acquired in the res pending the litigation will be subject to the result of the action and is not therefore an actual lien on the property.

*United States Nat'l. Bank v. Johnson*, 487 A.2d 809, 812 (Pa. 1985) (emphasis added, citations omitted). The Trustee relies upon the emphasized language in support of his extinguishment theory. For a number of reasons, the Court is not persuaded by the Trustee's argument.

First, the quoted language does not say that a lis pendens becomes extinguished and of no effect once a final judgment has been entered; that is simply an extrapolation by the Trustee.

Second, the emphasized language in the *Johnson* quote does not refer to the notice function of a lis pendens, but rather to the "jurisdiction, power, or control" it confers upon a court in which a suit is pending. Arguing that once the judgment in the quiet title action became final that somehow undid the notice that the lis pendens had provided to third parties, including the Trustee, of CitiMortgage's claimed interest in the Property, is somewhat akin to arguing that a bell can be unrung. *See also, e.g., Stobert v. Smith*, 38 A. 1019 (Pa. 1898) (a discontinuance of a suit does not make one who has knowledge of it a purchaser of land without notice of dispute of title).

Third, the quotation from *Johnson* as to a lis pendens is more in the nature of a boilerplate definition than anything else, since the case did not involve the issue of whether a final judgment would in any way undo or extinguish a lis pendens that had previously been filed in the

9

case. In the absence of any better authority than the Trustee has cited, the Court is not willing to conclude that *Johnson* stands for the proposition that the lis pendens was extinguished as if it had never existed once the judgment became final.

The Trustee's theory also fails as a matter of logic and equity. To demonstrate that, consider a hypothetical alternative of a creditor in the same position as CitiMortgage who files a similar quiet title action and lis pendens in state court, but then does nothing further to bring the matter to conclusion until the defendant files a bankruptcy petition a year later. Under those facts, and applying the Trustee's theory, with no final judgment having been entered before the bankruptcy filing, the lis pendens would still be in effect and the creditor would prevail over the Trustee for the reasons discussed above. Thus, a creditor that sat on its rights after filing a lis pendens would end up in a better position than a relatively vigilant creditor such as CitiMortgage. The Court does not believe such an anomalous result should be required. Pennsylvania law is to the effect that the doctrine of lis pendens, being a creature not of statute, but of common law and equity, is wholly subject to equitable principles. *See, e.g.*, *Woods v. Pekich*, 373 A.2d 1345 (Pa. 1977). Even if the Trustee were correct that in general a final judgment somehow extinguishes a lis pendens, rendering it a nullity, the Court believes that equity would require that a previously existing *lis pendens* be reinstated upon the avoiding of a final judgment under the circumstances presented here to avoid an unjust result.

As a final point, the Trustee argues that if the judgment and mortgage were avoided, and if the lis pendens were not extinguished, Citimortgage would nevertheless be unable to establish an interest in the Property because it would be unable to show cause for relief from stay under *11*

10

*U.S.C. §362(d),* and thus could never resume the quiet title action and establish its mortgage interest in the Property. This same sort of argument was considered, and rejected, in *Pitchford*. As indicated previously, the creditor in that case had filed a lis pendens, but had not yet obtained the imposition of a constructive trust as of the filing of the bankruptcy petition. The Debtor argued that the filing of the bankruptcy petition somehow cut off the creditor's ability to obtain a constructive trust remedy, but the court stated:

> ... courts routinely permit one post-petition to pursue a pre-petition claim for an interest in property that is owned by a debtor – that is, such courts essentially rule that the intervention of bankruptcy does not operate to cut off one's right to pursue the same – provided that such property right, if it were obtained, would not be avoidable in bankruptcy.

410 B.R. at 422. Judge McCullough noted that imposition of a constructive trust could be accomplished either in the bankruptcy court itself, or by granting the creditor relief from stay so that he could return to the state court for relief. *See also, Medlin, supra* (stay relief granted so that claimant who had filed lis pendens could obtain judgment and judgment lien against debtor); *In re Farnsworth*, 384 B.R. 842 (Bankr. D. Ariz. 2008) (same).

In the present case, if the Court were to avoid the judgment and mortgage, and if the lis pendens were not extinguished, CitiMortgage could simply act again on a post-petition basis to pursue recognition of its mortgage and such would not be avoidable as a preference in the bankruptcy because of the lis pendens. CitiMortgage could do so either by seeking relief from stay, or seeking recognition of the mortgage by this Court. *Pitchford*, 410 B.R. at 424-425. Thus an avoidance of the existing judgment and mortgage would be an essentially meaningless act, serving to do nothing but delay the inevitable, so long as the lis pendens would survive such avoidance.

For the foregoing reasons, the Court will grant summary judgment in favor of CitiMortgage and against the Trustee.

An appropriate order follows.

Dated: August 1, 2013

_____
Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case administrator to serve:
    John C. Melaragno, Esq.
    James Prostko, Esq.
    Daniel Foster, Esq.
    Debtor